GAIL STICKELL, ALSO KNOWN AS MRS. L. B. STICKELL, APPELLEE, V. IRA HAGGERTY, APPELLANT.

62 N. W. 2d. 107

Filed January 22, 1954. No. 33412.

*William S. Padley,* for appellant.

*Morrison & Gruver,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in replevin instituted by Gail Stickell, plaintiff and appellee, against Ira Haggerty, defendant and appellant. The action was instituted by the filing of a petition and an affidavit in replevin in which plaintiff declared that she was the owner of 12 cows and 1 bull, that she was entitled to their possession but they were detained by the defendant, and that the defendant refused to deliver them to her.

Eleven of the cows and the bull were taken by the sheriff under a writ of replevin and delivered to the plaintiff, who, according to the bill of exceptions, disposed of them. For the purposes of this opinion what happened to the other cow is of no material concern except to say that it apparently was not in possession of the defendant.

The defendant filed an answer in which after generally denying the allegations of plaintiff's petition he alleged, as to the animals involved in the action, that he took them under an oral agreement to keep and care for until sold, at the request of plaintiff, for which care and keep the plaintiff agreed to pay the fair and

reasonable cost, and that the reasonable care and cost was $959.

For this amount the defendant prayed judgment against the plaintiff.

In his answer the defendant asserted that he is entitled to a further amount of $52.50 as one-half of the sale price of six calves but we do not think that the record in this case is sufficient to permit of any adjudication herein. This however may not be taken to mean that the defendant shall be barred or prevented from reasserting this claim in the further progress of this action.

To the answer the plaintiff filed a reply in which she pleaded that by agreement in writing the defendant agreed to and did care for other cattle and their calves and that by the terms of this written agreement agreed to care for and feed them until the calves were weaned for which he would receive one-half of the calves raised by the cows, and that it was orally agreed that the cattle involved here were taken under the same conditions as those taken under the written contract.

The case was tried to a jury and verdict was returned in favor of the plaintiff. Judgment was rendered in favor of plaintiff for possession of the cattle and damages in the amount of one cent. Motion for new trial was duly filed which motion was overruled. From the judgment and the order overruling the motion for new trial the defendant has appealed.

There are numerous assignments of error. The first is the following: "The verdict is contrary to the evidence and was arrived at by the jury in disregard of the evidence." The second is: "The verdict is contrary to law." These two will be treated together.

"The plaintiff in an action of replevin has the burden of proving his case by a preponderance or greater weight of the evidence. Thus, the burden is upon him to show that at the time of the commencement of the action he was the owner of the property sought to be replevied,

that he is entitled to the immediate possession of the property, and that the defendant wrongfully detains it." Fitzsimons v. Frey, 153 Neb. 124, 43 N. W. 2d 531.

Under this rule the plaintiff had the burden of proving by a preponderance of the evidence that she was entitled to the immediate possession of the cattle involved here.

The evidence of the plaintiff makes clear and conclusive that she placed the cattle in question with the defendant and that the defendant was to be compensated for that care.

The theory of her presentation is that the compensation to be received by the defendant was calves as she pleaded in her reply. However, as becomes apparent from a reading of the bill of exceptions, her evidence fails either directly or by reasonable inference to sustain this theory or any other theory. The written contract is in evidence but neither the plaintiff nor any other witness testified directly or indirectly that there was an oral agreement that the cattle involved here were to be cared for pursuant to the written agreement.

The testimony of the plaintiff, who was the only witness who testified on her behalf with regard to placement of the cattle, negatives any such oral agreement. The pertinent part of her testimony on direct examination in this respect is as follows: "Q- What was said between you and Mr. Hagerty at that time with reference to the cattle? A- Not a word. I asked him if he could use more cattle, and he said he had plenty of feed and he could. Q- Was that all that was said at that time? A- That's right." As a part of the cross-examination the following appears: "Q- Did he ever tell you that the last 15 came under the terms of the contract? A- I wouldn't say no, not definitely. Q- At the time you made this contract you had no agreement with him to take any additional cattle other than the 35 listed? A- Not until I asked him if he could use more cattle, and he agreed to take these 15."

The full and conclusive purport of plaintiff's evidence therefore was to say that plaintiff gave the care and possession of the cattle involved to the defendant and that the defendant was to be compensated for the care. There is an entire absence of evidence of agreement either written or oral as to what he was to receive for that care.

Section 54-201, R. R. S. 1943, contains the following: "When any person shall procure, contract with, or hire any other person to feed and take care of any kind of livestock, the person so procured, contracted with, or hired, shall have a first, paramount and prior lien upon such property for feed and care bestowed by him upon the same for the contract price therefor, and in case no price has been agreed upon, then for the reasonable value of such feed and care, * * *. The person entitled to a lien under the provisions of this section, may foreclose the same in the manner provided by law for the foreclosing of chattel mortgages; * * *."

As already pointed out the defendant in his answer alleged that he took the cattle under an agreement whereby he was to receive the fair and reasonable value of the care and keep. His testimony departs in part from the allegations of the answer in this respect. The effect of his testimony is to say he was to receive pay for care and feed for all except the cows which had calves. This is reflected in the following: "Q- What did you tell her you would do? A- Take the cattle if she would pay the pasture bill on them that didn't have calves. * * *."

For the purposes of the decision here it does not become necessary to consider the matter of whether or not the cows had calves except to say that some of them did not, that apparently none of them which had been bred before defendant assumed care had calves which lived, and that some which were bred after the defendant assumed care did have calves.

Under the law declaring the burden of proof imposed

upon the plaintiff, the facts as disclosed, and the provisions of section 54-201, R. R. S. 1943, it must be said that the verdict may not be allowed to stand.

The defendant had a first lien upon the cattle whereby he was entitled to retain possession thereof until payment was made, and for failure of payment he had the right to foreclose. If the contract was complete in terms his lien was for the amount due under the contract, and if not then the lien was for the reasonable value of feed and care.

On the record and under law the plaintiff was not entitled to a judgment of possession. On the trial the defendant was entitled to have the plaintiff's claim to possession withdrawn from consideration of the jury, and to have the character, extent, and amount of defendant's lien submitted for determination by the jury. Also the defendant was entitled to judgment for the return of the cattle or in the alternative a judgment for the amount found to be due under the lien together with such damages as the jury might find due to the defendant for the wrongful taking of the cattle.

In this light consideration of the other assignments of error is not required.

The judgment of the district court is reversed and the cause remanded for a new trial in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.